# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED SALADDIN MOUSA,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:19-cv-01164-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY PETITIONER'S MOTIONS FOR DISMISSAL OF DETAINER<br><br>(ECF Nos. 16, 17)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner Mohamed Saladdin Mousa is proceeding *pro se* with a petition for writ of habeas corpus that challenges an immigration detainer. As this Court does not have jurisdiction to entertain the instant petition, the undersigned recommends dismissal of the petition and denial of Petitioner's motions to dismiss the detainer.

**I.**

**BACKGROUND**

Petitioner commenced the instant proceeding by filing a letter in the United States District Court for the Northern District of California on July 11, 2019. (ECF No. 1). Petitioner subsequently filed a document using a 42 U.S.C. § 1983 complaint form and three additional letters. (ECF Nos. 7–10). On August 2, 2019, the United States District Court for the Northern District of California ordered that the case be transferred to this Court. (ECF No. 11). On

September 6, 2019, Magistrate Judge Barbara A. McAuliffe directed that this case be administratively redesignated as a habeas corpus action. (ECF No. 15).

According to the petition,[1] Petitioner was granted asylum status by a judge in the Los Angeles Immigration Court in 2014 because Petitioner was found to be in credible fear of harm if he returned to Egypt. (ECF No. 1 at 1).[2] Petitioner alleges that a letter from the Egyptian consulate stating that Petitioner's citizenship had been revoked was entered as an exhibit in his asylum proceeding.

Petitioner subsequently was convicted of a California state criminal offense, and an immigration detainer was lodged. Petitioner will complete his incarceration term in a few months' time. Petitioner fears that he will be released to Immigration and Customs Enforcement ("ICE") and put into removal proceedings despite having been granted asylum previously. (ECF No. 1 at 1). Petitioner requests that this Court dismiss the immigration detainer. (ECF No. 7 at 3; ECF Nos. 16, 17).

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254[3] Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In pertinent part, the federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Here, Petitioner challenges the immigration detainer that has been lodged against him.

---

[1] The Court will refer to Petitioner's four letters and the document on the § 1983 complaint form collectively as "the petition."
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

2

> A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7. The Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in INS[4] custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds as stated in Campos v. Immigration and Naturalization Serv., 62 F.3d 311, 314 (9th Cir. 1995). See Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have held that [an immigration] detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.").

Given that Petitioner is not currently in DHS or ICE custody and is not challenging the underlying California state conviction for which he is currently incarcerated, this Court lacks jurisdiction to adjudicate a habeas claim challenging the immigration detainer. Accordingly, the petition for writ of habeas corpus should be dismissed, and Petitioner's motions to dismiss the immigration detainer should be denied.

Additionally, to the extent Petitioner attempts to preemptively litigate any defense to future removal proceedings, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

///

///

---

[4] "INS" refers to the Immigration and Naturalization Service, which has since been abolished. Most of the INS's immigration functions were transferred to the Department of Homeland Security ("DHS"), in which Immigration and Customs Enforcement ("ICE") is housed. Flores v. Lynch, 828 F.3d 898, 904 (9th Cir. 2016).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. Petitioner's motions to dismiss the detainer (ECF Nos. 15, 16) be DENIED.

Further, the Court DIRECTS the Clerk of Court to randomly assign a District Judge to this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 7, 2019**           /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE