# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED SALADDIN MOUSA,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:19-cv-01164-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO DISMISS ICE DETAINER<br><br>(ECF No. 23) |

Petitioner Mohamed Saladdin Mousa is proceeding *pro se* in a habeas corpus action that challenges an immigration detainer. On October 7, 2019, the undersigned issued findings and recommendation to dismiss the petition for writ of habeas corpus and to deny Petitioner's previous motions to dismiss the immigration detainer. (ECF No. 22).

Now before the Court is Petitioner's third motion to dismiss his immigration detainer. (ECF No. 23). As set forth in the October 7th findings and recommendation, because Petitioner is not currently in Department of Homeland Security or Immigration and Customs Enforcement custody and is not challenging the underlying California state conviction for which he is currently incarcerated, this Court lacks jurisdiction to adjudicate a habeas claim challenging the immigration detainer. See Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994) (holding that a bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available"), superseded by statute on other grounds as stated in Campos v. Immigration and Naturalization Serv., 62 F.3d 311, 314 (9th Cir. 1995); Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have

held that [an immigration] detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.").

In addition, to the extent Petitioner attempts to preemptively litigate any defense to future removal proceedings, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

As this Court does not have jurisdiction to adjudicate the habeas petition, the undersigned HEREBY RECOMMENDS that Petitioner's third motion to dismiss the immigration detainer (ECF No. 23) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2019**            /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE