# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED SALADDIN MOUSA,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:19-cv-01164-LJO-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTIONS FOR DISMISSAL OF DETAINER, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 16, 17, 22, 23, 25) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus challenging an immigration detainer. On October 7 and 10, 2019, the Magistrate Judge issued Findings and Recommendations that recommended denying Petitioner's multiple motions for dismissal of the immigration detainer and dismissing the petition. (ECF Nos. 22, 25). These Findings and Recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendation. To date, Petitioner has filed no objections, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

///

1

The basis of the Magistrate Judge's recommendation of dismissal was that this Court lacked jurisdiction to adjudicate a habeas claim challenging Petitioner's immigration detainer because Petitioner was not in the custody of the Department of Homeland Security or Immigrations and Customs Enforcement ("ICE"). (ECF No. 22 at 3; ECF No. 25 at 1–2). The Court notes that it appears Petitioner has been moved into ICE custody.[1] However, "§ 2241 requires the petitioner to be 'in custody' *at the time of filing* for the federal courts to have jurisdiction over a habeas petition." Smith v. U.S. Customs & Border Prot., 741 F.3d 1016, 1019 (9th Cir. 2014) (emphasis added) (citing Abdala v. INS, 488 F.3d 1061, 1063–64 (9th Cir. 2007)). At the time of filing, Petitioner was in the custody of the California Department of Corrections and Rehabilitation, and the Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994), superseded by statute on other grounds as stated in Campos v. Immigration & Naturalization Serv., 62 F.3d 311, 314 (9th Cir. 1995). See Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have held that [an immigration] detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.")

Moreover, to the extent that Petitioner attempts to litigate any defense to his removal proceedings, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . .").

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on October 7 and 10, 2019 (ECF Nos. 22, 25) are ADOPTED;

---

[1] This is based on a notice of change of address filed in Petitioner's other case before this Court, Mousa v. Trump Administration, No. 1:19-cv-013490-LJO-SAB.

2. Petitioner's motions to dismiss the immigration detainer (ECF Nos. 16, 17, 23) are DENIED;
3. The petition for writ of habeas corpus is DISMISSED; and
4. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:  **January 4, 2020**          /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE